# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIELLE K. KELLUM, <br> Plaintiff, <br><br> vs. <br><br> SHANE A. SMITH and <br> FORD MOTOR COMPANY, INC, A <br> DELAWARE CORPORATION, <br> Defendants. | CIVIL ACTION NO.: <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, DANIELLE K. KELLUM, files this Complaint and alleges as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1.  On and before August 9, 2018, the Plaintiff, DANIELLE K. KELLUM, (hereinafter referred to as KELLUM or PLAINTIFF) whose date of birth is February 27, 1997, was a resident of Peoria, Illinois.

2.  That on and before August 9, 2018, the Defendant, SHANE A. SMITH (hereinafter referred to as SMITH), was a resident of Peoria, Illinois.

**3.**  On August 9, 2018, and at all times relevant and material herein, the Defendant, FORD MOTOR COMPANY, INC. (hereinafter referred to as FORD), was incorporated in the State of Delaware with its principal place of business in the State of Michigan. FORD's agent for service of process is The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

1

4. On and before August 9, 2018, and at all times relevant and material herein, FORD was engaged in the business of designing, manufacturing, marketing, selling, distributing and/or servicing automobiles including the 2010 Ford Focus VIN 1FAHP3GN6AW204341 which the Plaintiff, DANIELLE K. KELLUM, was driving on August 9, 2018.

5. On and before August 9, 2018, and at all times relevant and material herein, FORD designed and manufactured certain safety features including but not limited to airbags that were located in the aforementioned 2010 Ford Focus being operated on the date in question.

6. On and before August 9, 2018, and at all times relevant and material herein, FORD designed and manufactured certain parts of the aforementioned 2010 Ford Focus including but not limited to the driver side rear wheel hub/rim for normal use and driving of the vehicle.

7. On August 9, 2018, at approximately 9:02 p.m., the Plaintiff was driving the aforementioned 2010 Ford Focus and was driving southwest on Jefferson Street at or near its intersection with Main Street, City of Peoria, County of Peoria, State of Illinois.

8. That at the aforementioned time and place, the Plaintiff had the green light and drove her car into the intersection with Main Street.

9. That at the aforementioned time and place, the Defendant, SMITH, owned and operated a 2015 Honda Civic and was driving southeast on Main Street at or near its intersection with Jefferson Street, City of Peoria, County of Peoria, State of Illinois.

10. That at the aforementioned time and place, the Defendant, SMITH, drove his car into the intersection with Jefferson Street and failed to yield or stop his vehicle at the red light, thus causing a collision with the Plaintiff's car.

11. That at the aforementioned time and place, the front of the Defendant, SMITH's vehicle, at a low rate of speed, struck the rear passenger side of the Plaintiff's car which the impact caused the driver's side rear wheel assembly, hub and/or brake drum to break and/or fracture. As the vehicle began to yaw in a clockwise direction, the fractured rear wheel assembly caused the Plaintiff's car to rollover, the driver's side leading.

12. That at the aforementioned time and place, as the Plaintiff's car began to tip and then roll one-quarter onto its left side, the Plaintiff instinctively reached her left hand up to catch or brace herself, at which time her left hand extended partially through the open driver's side doors window. Due to the lack of the driver's side curtain airbag deployment, the Plaintiff's left hand and arm were crushed and severely injured as her car rolled onto her left hand.

## COUNT I – NEGLIGENCE VS. SHANE A. SMITH

NOW COMES the Plaintiff, DANIELLE K. KELLUM, by and through her attorneys, and in support of her Complaint against the Defendant, SHANE A. SMITH, hereby states as follows:

1-12.   Plaintiff hereby repeats and re-alleges paragraphs 1-12 of the General Allegations Common to all Counts as and for paragraphs 1-12 of Count I of this Complaint and incorporates the same herein as if set forth fully.

13.   That at all times relevant and material herein, the Defendant, SMITH, had a duty to exercise ordinary and reasonable care with respect to the safety of the Plaintiff and others then and there on the roadway.

14.   That notwithstanding the foregoing duty, the Defendant, SMITH, did then and there commit and was then and there guilty of one or more of the following careless and/or negligent acts and/or omissions[1]:

    a. Failed to obey and abide by the traffic control signal in that he ran a red light in violation of the Illinois Motor Vehicle Code 625 ILCS 5/11-306(c);

    b. Failed to decrease the speed of his vehicle so as to avoid colliding with the vehicle being operated by the Plaintiff;

    c. Failed to keep a safe and proper lookout;

    d. Failed to sound his horn or otherwise warn the Plaintiff of the impending collision;

---

[1] The motor vehicle violations are pursuant to Illinois law, since the accident occurred in Illinois.

4

  e. Failed to apply his brakes or otherwise steer his vehicle so as to avoid the impending collision;

  f. Otherwise drove his vehicle in a negligent and/or careless fashion.

15. That as a direct and proximate result of one or more of the aforementioned careless and/or negligent acts and/or omissions of the Defendant, SMITH, the Plaintiff, DANIELLE K. KELLUM, was caused to sustain severe and permanent injuries to her person; was and will in the future forced to suffer great pain and anguish, both in mind and body; was and will in the future hindered and prevented from attending to her usual duties and affairs of life; was or will in the future forced to lose the value of that time as aforementioned; and further forced to expend large sums of money for medical bills for the care and treatment of her said injuries.

  WHEREFORE the Plaintiff, DANIELLE K. KELLUM, hereby prays for judgment in her favor and against the Defendant, SHANE A. SMITH, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs in this suit herein.

# COUNT II – DEFECTIVE DESIGN, DEFECTIVE MANUFACTURING, FAILUE TO WARN, AND STRICT LIABILITY: FORD MOTOR COMPANY, INC[2]

NOW COMES the Plaintiff, DANIELLE K. KELLUM, by and through her attorneys, and in support of her Complaint against the Defendant, FORD MOTOR COMPANY, INC., hereby states as follows:

1-12. Plaintiff hereby repeats and re-alleges paragraphs 1-12 of the General Allegations Common to all Counts as and for paragraphs 1-12 of Count II of this Complaint and incorporates the same herein as if set forth fully.

13. That at all times relevant and material herein, the Defendant, FORD, had a duty to design, manufacture, service, market, distribute, warn, and/or sell the 2010 Ford Focus so that it was neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, serviced, marketed, distributed and/or sold.

14. That at all times relevant and material herein, the Defendant, FORD, had a duty to warn, design, and manufacture the 2010 Ford Focus to provide reasonable occupant protection during a crash such as the one experienced by the Plaintiff which would include equipping the vehicle with a roll sensor to deploy

---

[2] Recognizing that Delaware law does not include strict liability, Plaintiff maintains this cause of action in the event that Illinois law applies.

6

appropriate occupant safety airbags to keep the occupant inside the vehicle during a roll event.

15. That at all times relevant and material herein, the Defendant, FORD, had a duty to warn, design, and manufacture the 2010 Ford Focus to provide reasonable occupant protection during a crash such as the one experienced by the Plaintiff so that vehicle equipped side curtain airbags would provide full side curtain protection with full coverage of the driver's side window so that the occupant's body or any parts thereof would not be outside the vehicle during a roll event.

16. That at all times relevant and material herein, the Defendant, FORD, had a duty to warn, design, and manufacture the 2010 Ford Focus to provide reasonable protection to the occupant so that the vehicle would not roll onto its side during a low speed, low impact side collision crash such as the one that occurred in this matter.

17. That at all times relevant and material herein, the Defendant, FORD, had a duty to warn, design, and manufacture the 2010 Ford Focus and its component parts including but not limited to the driver's side rear wheel assembly and hub to provide reasonable protection during a low speed, low impact side collision crash so that the wheel assembly/hub/rim would not fracture or break causing the vehicle to then roll onto its side.

18.     At the time the 2010 Ford Focus left the possession of the Defendant, FORD, and at the time the Ford Focus entered the stream of commerce and during the years the Ford Focus was in service, the Ford Focus was in an unreasonably dangerous and defective condition for normal use.  These defects and dangers include but are not limited to the following:

    a. The 2010 Ford Focus was improperly manufactured for purposes of its foreseeable intended use;

    b. The 2010 Ford Focus did not include sufficient and adequate instructions and warnings;

    c. The 2010 Ford Focus was inadequately designed for purposes of its foreseeable intended use;

    d. The 2010 Ford Focus did not contain adequate safeguards to protect the end user from harm;

    e. The 2010 Ford Focus did not include adequate warnings to consumers or end users to the dangers or hazards inherent in the use of the 2010 Ford Focus;

    f. The 2010 Ford Focus did not contain a roll sensor/side curtain system to deploy airbags to protect occupants from partial ejection during a rollover crash event;

    g. The 2010 Ford Focus driver's side curtain bag did not deploy during the roll event in this crash;

    h. The 2010 Ford Focus side curtain bag did not provide adequate protection or coverage of the entire driver side window to keep the occupant including any and all extremities in the vehicle during the roll event;

    i. The 2010 Ford Focus driver's side rear wheel assembly/hub/rim was improperly manufactured for its foreseeable intended use;

j. The 2010 Ford Focus driver's side rear wheel assembly/hub/rim was improperly designed for its foreseeable intended use;

k. The 2010 Ford Focus driver's side rear wheel assembly/hub/rim was not adequately safe from breaking or fracturing in a low speed, low impact side collision to protect the end user from harm;

l. The 2010 Ford Focus was otherwise unreasonably dangerous and defective.

19. That as a direct and proximate result of one or more of the aforementioned unreasonably dangerous and defective conditions of the 2010 Ford Focus the Plaintiff, DANIELLE K. KELLUM, then and there sustained severe and permanent injuries to her person; was and will in the future forced to suffer great pain and anguish, both in mind and body; was and will in the future hindered and prevented from attending to her usual duties and affairs of life; was or will in the future forced lose the value of that time as aforementioned; and further forced to expend large sums of money for medical bills for the care and treatment of her said injuries.

WHEREFORE the Plaintiff, DANIELLE K. KELLUM, hereby prays for judgment in her favor and against the Defendant, FORD, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs in this suit herein.

## COUNT III – NEGLIGENCE: FORD MOTOR COMPANY, INC

NOW COMES the Plaintiff, DANIELLE K. KELLUM, by and through her attorneys, and in support of her Complaint against the Defendant, FORD MOTOR COMPANY INC., hereby states as follows:

1-12.  Plaintiff hereby repeats and re-alleges paragraphs 1-12 of the General Allegations Common to all Counts as and for paragraphs 1-12 of Count III of this Complaint and incorporates the same herein as if set forth fully.

13.  That at all times relevant and material herein, the Defendant, FORD, had a duty to exercise reasonable and ordinary care in the design, testing, manufacturing, marketing, selling, distributing, warning and servicing the 2010 Ford Focus so that it would be reasonably safe for its intended use.

14.  The Defendant, FORD, knew or reasonably should have known that the 2010 Ford Focus was placed in the stream of commerce and that it would be likely used for its intended use by the Plaintiff and others.

15.  The Defendant, FORD, knew or reasonably should have known that the dangers associated with the manner and circumstances of the Plaintiff's foreseeable use of the 2010 Ford Focus which danger would not be obvious to persons and circumstances similar to the Plaintiff's.

16. That notwithstanding the foregoing duty, the Defendant, FORD, did and there commit and was then and there guilty of one or more of the following careless and/or negligent acts and/or omissions:

    a. Insufficiently warned and instructed end users of the 2010 Ford Focus including the Plaintiff of the nature and type of defects present in the 2010 Ford Focus;

    b. Designed the 2010 Ford Focus so that there was an unreasonably high likelihood that a user of the 2010 Ford Focus would become injured by a design defect in that it did not contain a roll sensor to deploy airbags to protect occupants during a roll crash event;

    c. Manufactured the 2010 Ford Focus so that there was an unreasonably high likelihood that a user of the 2010 Ford Focus would become injured by a manufacturing defect in that did not contain a roll sensor to deploy airbags to protect occupants during a roll crash event;

    d. Designed the 2010 Ford Focus so that there was an unreasonably high likelihood that a user of the 2010 Ford Focus would become injured by a design defect in that the side curtain bag did not provide adequate protection or coverage of the entire driver side window to keep the occupant including any and all extremities in the vehicle during the roll event;

    e. Manufactured the 2010 Ford Focus so that there was an unreasonably high likelihood that a user of the 2010 Ford Focus would become injured by a manufacturing defect in that the side curtain bag did not provide adequate protection or coverage of the entire driver side window to keep the occupant including any and all extremities in the vehicle during the roll event;

    f. Designed the 2010 Ford Focus so that there was an unreasonably high likelihood that a user of the 2010 Ford Focus would become injured by a design defect in that the driver's side rear wheel assembly/hub/rim was not adequately safe from breaking or

      fracturing in a low speed, low impact side collision to protect the end user from harm;

  g. Manufactured the 2010 Ford Focus so that there was an unreasonably high likelihood that a user of the 2010 Ford Focus would become injured by a manufacturing defect in that the driver's side rear wheel assembly/hub/rim was not adequately safe from breaking or fracturing in a low speed, low impact side collision to protect the end user from harm;

  h. Distributed the 2010 Ford Focus when they knew or should have known that the 2010 Ford Focus was defective and dangerous;

  i. Was otherwise negligent and careless in the design, testing, manufacturing, marketing, selling, warning, distributing and servicing of the 2010 Ford Focus.

17. That as a direct and proximate result of one or more of the aforementioned careless and/or negligent acts and/or omissions of the Defendant, FORD, the Plaintiff, DANIELLE K. KELLUM, did then and there sustain severe and permanent injuries to her person; was and will in the future forced to suffer great pain and anguish, both in mind and body; was and will in the future hindered and prevented from attending to her usual duties and affairs of life; was or will in the future forced lose the value of that time as aforementioned; and further forced to expend large sums of money for medical bills for the care and treatment of her said injuries.

WHEREFORE the Plaintiff, DANIELLE K. KELLUM, hereby prays for judgment in her favor and against the Defendant, FORD, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs in this suit herein.

## COUNT IV –BREACH OF EXPRESS OR IMPLIED WARRANTY: FORD MOTOR COMPANY, INC

NOW COMES the Plaintiff, DANIELLE K. KELLUM, by and through her attorneys, and in support of her Complaint against the Defendant, FORD MOTOR COMPANY INC., hereby states as follows:

1-12. Plaintiff hereby repeats and re-alleges paragraphs 1-12 of the General Allegations Common to all Counts as and for paragraphs 1-12 of Count IV of this Complaint and incorporates the same herein as if set forth fully.

13. The Defendant, FORD, both impliedly and expressly through their advertisements and other means that the 2010 Ford Focus was of merchantable quality, fit for the manner and purpose for which it was sold.

14. The Plaintiff was a foreseeable user of the 2010 Ford Focus and the 2010 Ford Focus was being used in a reasonably anticipated manner and purpose at the time of the incident.

15. The Plaintiff relied on the Defendant, FORD, to provide a merchantable and suitable vehicle fit for the purpose for which it was intended.

16. Because of the defect and unreasonably dangerous design and/or manufacture of the 2010 Ford Focus more fully described above, it could be involved in a foreseeable crash sequence and fail to adequately restrain an occupant in a foreseeable reasonably anticipated crash or otherwise standing injury. Additionally,

because the wheel and airbag system were ineffective, faulty and inadequate in restraining the vehicle and preventing a roll crash, the 2010 Ford Focus was neither merchantable nor fit for ordinary purposes.

17. As a direct, proximate foreseeable result of the defect of unreasonably dangerous design and/or manufacture, the 2010 Ford Focus failed to adequately restrain and protect the Plaintiff and failed to prevent her injuries.

18. The 2010 Ford Focus was neither of merchantable quality or reasonably fit to be used for the purpose for which it was intended including the foreseeable incident alleged herein and was unmerchantable.

19. The defect and/or unreasonably dangerous conditions constitute a breach of the Defendant's, FORD, expression of implied warranties.

20. That as a direct and proximate result of the Defendant's, FORD, breach of the expression of implies warranty of the 2010 Ford Focus the Plaintiff did then and there sustain severe and permanent injuries to her person; was and will in the future forced to suffer great pain and anguish, both in mind and body; was and will in the future hindered and prevented from attending to her usual duties and affairs of life; was or will in the future forced lose the value of that time as aforementioned; and further forced to expend large sums of money for medical bills for the care and treatment of her said injuries.

21. The Defendant, FORD, is liable for breaching the expression of implied warranties in the suing interest of the Plaintiff and the damages interest of the Plaintiff in an amount to determine at trial.

WHEREFORE the Plaintiff, DANIELLE K. KELLUM, hereby prays for judgment in her favor and against the Defendant, FORD, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs in this suit herein.

Respectfully Submitted,

**Dalton & Associates, P.A.**

/s/ Laura J. Simon, Esquire
Laura J. Simon, Esquire (ID 3644)
Cool Spring Meeting House
1106 West Tenth Street
Wilmington, DE  19806
(302) 652-2050
lsimon@bdaltonlaw.com
Attorney for Plaintiff

Dated: 7/14/2020